[Crim. No 6950.  First Dist., Div. One.  Jan. 28, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT L. DYER, Defendant and Appellant.

Joseph L. Bortin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and George R. Nock, Deputy Attorneys General, for Plaintiff and Respondent.

MOLINARI, P. J.—Defendant appeals from the order of the superior court admitting him to probation.

On June 17, 1959, defendant was convicted of selling heroin, a violation of section 11500 of the Health and Safety Code.[1] The information by which defendant was accused included four prior convictions; two for grand theft; one for the use of drugs, and one for a violation of section 11555 of the Health and Safety Code which prohibits possession of a device used for the taking of narcotics. Defendant admitted three of the priors but the prior conviction for use of drugs was dismissed on the motion of the district attorney.

The judgment of conviction was affirmed by this court in 1961. (*People* v. *Dyer,* 188 Cal.App.2d 646 [10 Cal.Rptr. 613].)[2] On June 30, 1967, following the filing of a petition for writ of habeas corpus, the Supreme Court of California issued an order to the Director of the Department of Corrections to show cause before the superior court why the relief prayed for should not be granted in the light of *In re Woods,* 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913], and *In re Luce,* 64 Cal.2d 11 [48 Cal.Rptr. 694, 409 P.2d 918]. These cases hold that where petitioner was not represented by counsel at a prior proceeding resulting in a criminal conviction he was entitled to a factual hearing to determine whether he had effectively waived counsel in view of conflicting allegations, notwithstanding that he had been properly advised of his constitutional right to legal assistance.

The superior court conducted a hearing and determined that the prior conviction for violation of section 11555 of the Health and Safety Code was invalid because defendant had not been represented by counsel and had not intelligently waived his right to counsel in the proceeding resulting in such conviction. Accordingly, the superior court granted the writ of habeas corpus. Thereupon, following the interposition of a motion for probation, the trial court made its order that ''the judgment and sentence . . . be set aside and vacated and petitioner is resentenced . . . to a term of 10 years probation, . . .'' With specific reference to the motion for pro-

---

[1] At the time defendant was informed against and at the time of his conviction, the sale of narcotics was prohibited by Health and Safety Code section 11500.

[2] The only question presented on appeal was whether defendant had validly consented to the absence of a juror and to have his case decided by a jury of 11 persons. In the course of its opinion, the court noted that there was no question of the sufficiency of the evidence: ''We have examined the transcript and find the evidence more than sufficient.'' (P. 647.)

bation, the minutes of the court state that "Said motion is granted and the Court orders that said defendant be placed on probation for a period of 10 years."

Defendant contends: (1) that the probationary period is excessive and credit for time served should be allowed against the "sentence of probation"; (2) that the invalid prior conviction may have resulted in prejudice to defendant at his trial, and because we have denied his request to include all the proceedings of the trial he is deprived of due process;[3] and (3) that there was a failure of due process on the first appeal due to the inadequacy of counsel.

■ The last two contentions made by defendant have to do with errors which occurred during the trial. He asserts that he may have been prejudiced at the trial because the jury may have been affected by the mention or disclosure of the prior conviction which has since been declared to be invalid. He also contends that a review of the trial record discloses errors which should have been raised by court-appointed counsel at the time defendant initially appealed from the judgment of conviction. Accordingly, he argues that the trial record demonstrates that he was inadequately represented on the first appeal. These contentions are not properly before us because the scope of the instant appeal is limited, and, so far as these contentions are concerned, the judgment of conviction which this court affirmed in *People* v. *Dyer,* 188 Cal.App.2d 646 [10 Cal.Rptr. 613], has become final. That judgment was not disturbed by the Supreme Court when it issued the order to show cause in the habeas corpus proceeding. (See *People* v. *Shorts,* 32 Cal.2d 502, 508 [197 P.2d 330].)

In the habeas corpus proceeding defendant claimed that the prior narcotic conviction was invalid because he was not represented by counsel in the proceeding resulting in such conviction, and that such invalid conviction served to increase his minimum term of imprisonment and his minimum time for eligibility for parole. When the Supreme Court transferred the hearing of the order to show cause to the superior court it did so for the limited purpose of determining the validity of the prior conviction, and also for the limited purpose of determining the effect on defendant's status as a convicted felon if in fact the invalidity was established. Accordingly, when the

---

[3]In his notice of appeal from the order granting probation, defendant requested that the record on appeal include all proceedings of the prior trial; but the request was denied and only the oral proceedings of the court on the habeas corpus hearing and the subsequent resentencing proceeding were included in the record on appeal.

superior court found the subject prior conviction to be invalid, it determined to set the previous sentence aside, apparently to consider whether defendant might be eligible for probation in the light of the elimination of the subject prior conviction.[4] Although the court below purported to set aside and vacate "the judgment and sentence" this order obviously had reference only to that portion of the judgment which previously imposed imprisonment in the state prison. In view of the limited scope of the habeas corpus proceedings (see Pen. Code,[5] §§ 1166, 1191, 1193, 1200, 1202a, 1207), it is clear that the order did not refer to the actual judgment of conviction. It is well established that a judgment in a criminal prosecution consists of both a statement of the offense for which the defendant has been convicted and the sentence of the court. (See *People* v. *Blackman*, 223 Cal.App.2d 303, 307 [35 Cal.Rptr. 761]; *People* v. *Johnson*, 71 Cal. 384, 387-388 [12 P. 261]; *Ex parte Williams*, 89 Cal. 421, 426-427 [26 P. 887].)

In the light of the foregoing it is apparent that the present appeal is limited to questions arising in connection with the habeas corpus proceeding and the resentencing proceedings. (See *People* v. *Pineda*, 253 Cal.App.2d 443, 453, 455 [61 Cal. Rptr. 144].) Since defendant prevailed in the habeas corpus proceeding he finds no fault with the trial court's determination or rulings therein. We specifically note, moreover, that in his notice of appeal defendant is clearly appealing only from the order granting probation for 10 years. We accordingly must limit the scope of this appeal to this notice and proceed to review the remaining contention made by defendant which properly falls within its aegis.

■ Adverting to defendant's claim that the court erred in not allowing credit for the time already served under the judgment first imposed following his conviction, we note that defendant urges that the length of the term of probation set by the court should be shortened to reflect the years that he was in prison. In support of this contention defendant relies on section 2900.1, which provides: "Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment,

---

[4]The record discloses that when defendant was first sentenced following his conviction, defendant requested an immediate pronouncement of judgment and no referral was made to the adult probation officer.

[5]Unless otherwise indicated, all statutory references hereinafter made are to the Penal Code.

such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts.''

Defendant's reliance on section 2900.1 is misplaced. In the instant case the trial judge in the order granting probation suspended the imposition of sentence and directed, in essence, that such suspension continue for a period of 10 years. (See § 1203.1.) Accordingly, no judgment of conviction was rendered. (*In re Phillips*, 17 Cal.2d 55, 58 [109 P.2d 344, 132 A.L.R. 644].) Moreover, when a defendant is placed on probation he is placed under the care and supervision of a probation officer. (§ 1215.) It is only when the judgment is for imprisonment in the state prison that an order of commitment is made (see §§ 1215 and 1216) ; and a certified copy of the abstract of judgment constitutes a commitment. (*In re Larsen*, 44 Cal.2d 642, 646 [283 P.2d 1043] ; § 1213.) When such certified copy is placed in the hands of the warden of the state prison, a valid commitment is issued. (*In re Larsen, supra*; § 1216.)

The cases which have discussed section 2900.1 make it clear that its provisions apply only to situations involving a subsequent sentence to prison. (See *In re Levi*, 39 Cal.2d 41, 47 [244 P.2d 403] ; *People* v. *Havel*, 134 Cal.App.2d 213, 218 [285 P.2d 317] ; *In re Roberts*, 40 Cal.2d 745, 748-749 [255 P.2d 782] ; *In re James*, 38 Cal.2d 302, 314 [240 P.2d 596] ; *People* v. *Rogers*, 252 Cal.App.2d 1015, 1021 [61 Cal.Rptr. 48] ; *People* v. *Thatcher*, 255 Cal.App.2d 830, 832 [63 Cal. Rptr. 492].)[6]

We do note, however, that although section 2900.1 is not directly applicable, section 1203.1 is particularly significant. That section provides that in the order granting probation the judge ''may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, . . .'' At the time defendant committed the offense involved in the present case, and at the time of his conviction therefor, the penalty for the sale of narcotics for a defendant who had not previously been convicted of a narcotic offense was imprisonment in the county jail for not more than one year, or in the state prison from five years to life. (Former Health & Saf. Code, § 11713.) Since defendant's prior narcotic conviction was set aside and

---

[6]In this connection it can be noted that section 2900.1 is a part of chapter 7 dealing with ''Execution of Sentences of Imprisonment.''

his remaining prior convictions were for grand theft, this penalty provision applied to defendant. Accordingly, when defendant was originally sentenced on June 17, 1959, the maximum possible term for which he could have been sentenced was imprisonment in the state prison from five years to life. Such an indeterminate sentence is in legal effect a sentence for a maximum term, i.e., for life. (*In re Lee,* 177 Cal. 690, 693 [171 P. 958]; *In re Mills,* 55 Cal.2d 646, 653-654 [12 Cal.Rptr. 483, 361 P.2d 15]; *In re Schoengarth,* 66 Cal.2d 295, 302 [57 Cal.Rptr. 600, 425 P.2d 200].)

Since the court had the power to suspend the imposition of the sentence for the maximum term of the life sentence, it was empowered under section 1203.1 to place defendant on probation for life. Accordingly, although defendant had served in excess of 8 years on account of the original life sentence when the court below granted the writ of habeas corpus on October 6, 1967, the granting of 10 years' probation from and after that date did not do violence to section 1203.1. The combined effect of the sentence which had been set aside and the term of probation subsequently imposed was to place defendant under custody and supervision for a period in excess of 18 years but less than 19 years. Therefore, since the court could have placed defendant on probation for life, defendant cannot be heard to complain.

The order is affirmed.

Sims, J., and Elkington, J., concurred.

A petition for a rehearing was denied February 18, 1969, and appellant's petition for a hearing by the Supreme Court was denied March 26, 1969. Mosk, J., and Sullivan, J., did not participate therein.