[No. F004630. Fifth Dist. Sept. 10, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
RANDY RAY CHEW, Defendant and Appellant.

COUNSEL

Gretchen Dumas, under appointment by the Court of Appeal, Chaset & Dumas and Laurence G. Chaset for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and James T. McNally, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**WOOLPERT, Acting P. J.**—When the appellate process has returned a defendant from prison to the trial court on remand for resentencing or for further proceedings which justify a new prison sentence, what statutory credits should the sentencing court compute for the time already spent in prison? ▮▮▮ We find the time spent in prison between the initial sentencing and resentencing or a new sentence is properly characterized as presentence time.[1] Defendant is entitled to credit for the prison time as if no appeal had been taken. However, we further decide that prison time credits other than those for actual days of prison custody should be initially determined by the responsible administrative agency, not the sentencing court.

After a plea of guilty, defendant was convicted of two counts of violation of Penal Code section 496, subdivision 1 (receiving stolen property),[2] and sentenced to prison. Defendant's appeal was partially successful. Upon his return to the trial court, his motion for probation was denied and defendant was once again sentenced to prison for the term of three years and eight months. He received 301 days of credit against this sentence: 201 days actually served plus 100 days behavior/worktime credits. The 201 days of actual service included the prison days served up to the date of resentencing.

Besides requesting review of the court's reasons for imposing an aggravated term on one count, and a consecutive term on another, defendant questions the prison behavior/worktime credits he received against his new

---

[1]For purposes of this discussion, both a new sentence and a remand for resentencing will be referred to as resentencing.

[2]All statutory references are to the Penal Code unless otherwise indicated.

sentence. The credit was given on a ratio of one day of credit for every two days actually served,[3] rather than on a ratio of one-for-one.

The facts surrounding the crimes for which defendant was convicted are not germane to the issues presented on appeal.

## I. Sentencing Reasons

We have independently reviewed the record and find no arguable factual or legal issues as to imposition of the aggravated term on count I or the consecutive term on count II. (*People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) The reasons stated in both instances were adequate. (*People* v. *Covino* (1980) 100 Cal.App.3d 660, 671 [161 Cal.Rptr. 155]; *People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66]; Cal. Rules of Court, rules 421, 423, and 425; § 1170, subd. (c).)

## II. Prison Time Credits

Credits for actual time, behavior, and worktime are the result of statutory law and judicial precedents which use certain descriptive words of art. For example, at present we find "preimprisonment credit" (subd. (a)(2) of § 1170), "time . . . served" (§ 2900.1), "all days of custody" (§ 2900.5), "good behavior and participation" (§ 2930), "time credits" (§ 2932), "worktime credits" (§ 2933), and "work performance and good behavior" (§ 4019). Because these words are used in a variety of situations depending upon new approaches to earning credits, the who, what, when, and how of credit determination may seem confusing. In general, the references are to three types of credits: (1) *actual days confined* (sometimes called "custodial time credit"), (2) *behavior* (usually passive good conduct), and (3) *worktime* (work, study and other active pursuits approved by the custodial administration). Of these categories, worktime provides the prison inmate the greatest opportunity for early release. It is also the subject of the most uncertainty.

---

[3]For example, as provided in section 4019, subdivisions (b) and (c): "(b) Subject to the provisions of subdivision (d), for each six-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp.

"(c) For each six-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp."

At the second sentencing hearing, defendant objected to the prison credits being awarded on a ratio of one-for-two. He argued the credits should be awarded on a one-for-one basis, as they might be for any prison inmate enrolled in a "work, training or education" program. (§ 2933.) The People argued that because the original judgment had been vacated for purposes of resentencing, all prison time served prior to this new judgment and sentence became presentence time and equivalent to jail time. As a result, they argued that credits could only be awarded at a maximum ratio of one-for-two. The trial court adopted this characterization.

On appeal, the People agree the interruption of the prison term being served should not preclude defendant from eventually receiving credits on a one-for-one basis; however, they argue those credits should be awarded on a one-for-one basis only if and when defendant is *entitled* to and actually *earns* the credits. We agree.

Credit determination is not a simple matter. Variations arise due to the time and place of confinement, and whether the confinement arises from more than one offense. In addition to actual time in confinement, credits are available for behavior and worktime, with variations depending upon the applicability of amended versions of the law. "Jail time" credits are virtually automatic; prison credits involve administrative considerations which may cause considerable uncertainty because of the overlapping duties of the court, Director of Corrections, and Board of Prison Terms.

When resentencing a defendant to prison after an interval of prison confinement, the sentencing court is confronted with problems arising from the uncertain nature of prison behavior and worktime credits since these credits must be earned and are subject to forfeiture. In contrast, time actually served is inviolable and easily computed.

Ordinarily, prison worktime credits will not be a concern of the sentencing court. They are an administrative responsibility. On occasion it may be appropriate for the resentencing court to resolve how many prison credits are then due the defendant. For example, when it appears the defendant has earned sufficient credits to avoid being returned to prison, court calculation would be appropriate. However, this calculation should follow a requested administrative determination. (*In re Jantz* (1984) 162 Cal.App.3d 412 [208 Cal.Rptr. 619].)

In this case the court awarded defendant one-for-two behavior and worktime credits pursuant to section 2900.5. In pertinent part, that section provides: "(a) In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including but not limited

to any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, *prison,* juvenile detention facility, or similar residential institution, *all days of custody* of the defendant, including days served as a condition of probation in compliance with a court order, *and* including *days credited to the period of confinement pursuant to Section 4019* [one-for-two], shall be credited upon his term of imprisonment . . . .

"  . . . . . . . . . . . . . " . . . . . .

"(d) It shall be the *duty of the court* imposing the sentence to determine the date or dates of any admission to and release from custody prior to sentencing, and the total number of days to be credited pursuant to the provisions of *this section.* The total number of days to be credited shall be contained in the abstract of judgment provided for in Section 1213.

"(e) It shall be the duty of any agency to which a person is committed to apply the credit provided for in this section for the period between the date of sentencing and the date the person is delivered to such agency." (Italics added.)

█   As a general rule the sentencing court has broad discretion to determine all appropriate credits. (*In re Watson* (1977) 19 Cal.3d 646 [139 Cal.Rptr. 609, 566 P.2d 243].) Nevertheless, the discretion of the sentencing court is not unlimited. Although section 2900.5 refers to "prison" as well as to other types of confinement, it is in the context of "days of custody" in which the word prison is used. This is a reference to actual time confined, and nothing more. Additional days of credit for behavior and worktime become a concern for the sentencing court only because of the reference in section 2900.5 to section 4019, which authorizes "jail time"[4] credits for behavior and worktime.

█   Section 2900.5 requires the sentencing court to determine the actual days of physical confinement of the nonprison kind, including the extra or bonus credits earned in the jail, farm or camp, and the number of days served in prison pending resentencing. Other code sections (§§ 2930-2935) assign to the Director of Corrections the duty of determining prison behavior and worktime credits, including the determination of appropriate worktime credits while the defendant is away from prison awaiting resentencing. Provision is also made for administrative review of these prior credit determinations. Therefore, a sentencing court abuses its discretion when it at-

---

[4]Section 4019 refers to confinement in a "county jail, industrial farm, or road camp, or any city jail, industrial farm, or road camp, . . ."

tempts to determine prison behavior and worktime credits earned to date, except when it is done after the administrative process is completed.

Other code sections may appear to conflict with our interpretation of section 2900.5. If there is conflict, it is more superficial than real.

Subdivision (a)(2) of section 1170 provides in part: "In any case in which the amount of preimprisonment credit under Section 2900.5 *or any other provision of law* is equal to or exceeds any sentence imposed pursuant to this chapter, the entire sentence, including any period of parole under Section 3000, shall be deemed to have been served and the defendant shall not be actually delivered to the custody of the Director of Corrections." (Italics added.) Although the accrued prison custodial time is to be credited because of its express inclusion in the calculation mandated by section 2900.5, the subsequent reference in section 1170, subdivision (a)(2), to "or any other provision of the law" is controlled by the subject matter discussed, "preimprisonment credit." Prison behavior and worktime credits are not included.

Internal conflicts in the sections may also be argued by virtue of section 2900.1, which provides: "Where a defendant has served any portion of his sentence under commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."

■ Section 2900.1 mandates crediting the "time" served in prison prior to resentencing. Again, that "time" is a reference to actual time in confinement. The purpose of the section is to avoid penalizing the defendant for taking an appeal. The actual custody credits applicable to this time period are to be treated as if no appellate relief had been sought.

Section 2900.1 was enacted in 1949 to assure credit for the prior prison time. Courts had long taken the position that because a reversed judgment is void, the subsequent valid judgment speaks from the date of its rendition. This position caused the term of imprisonment to run from the remand on the new sentence. (*In re Fritz* (1918) 179 Cal. 415 [177 P. 157].) Credit for prison time already served was lost under this rule.

Section 2900.1 may appear to be unnecessary because section 2900.5 also credits the same prison custodial time. However, the fact the same credit is included in two sections does not suggest one section should be interpreted more broadly than the other. To the contrary, section 2900.1 provides for the credit while section 2900.5 repeats the credit, but then goes further by directing the sentencing court to include it in the court's calculation.

### III. Conclusion

■ In resentencing defendant, the court abused its discretion when it prematurely determined one-for-one prison behavior and worktime credits were unavailable and treated the prison time as if it were jail time for credit purposes. Section 2900.5 required a finding only of the actual days of prison confinement served so far. Because it is the duty of the Director of Corrections to determine prison behavior and worktime credits, judicial intervention, if ever needed, will be postponed until defendant has exhausted available administrative remedies. (*In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)

There was no indication defendant had served enough time and earned sufficient credits to avoid returning him to prison. Therefore, it was unnecessary to obtain an administrative review of behavior and participation credits earned to date.

Accordingly, we modify the judgment by striking the time credits allowed by the court, and remand the matter to the trial court for recomputation of the credits pursuant to the views expressed in this opinion. The "prison" time credit will be limited to days of actual prison custody served to the date of the abstract of judgment. The trial court is directed to reflect in an amended abstract of judgment that the prison time credit is without prejudice to the right of defendant to receive appropriate behavior and worktime credits for the entire period of his prison confinement, including the time prior to his return to the court for resentencing. As so modified, and subject to the preparation and forwarding of the amended abstract of judgment, the judgment is affirmed.

Best, J., and Ritchey, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.