[No. A042841. First Dist., Div. Four. Nov. 29, 1988.]

In re JOHN R. QUINN on Habeas Corpus.

COUNSEL

Cecil L. McGriff for Petitioner.

John K. Van de Kamp, Attorney General, Laurence K. Sullivan and Ann K. Jensen, Deputy Attorneys General, for Respondent.

## OPINION

POCHÉ, J.— This case presents the question of whether a resentence pursuant to Penal Code section 1170, subdivision (d) relates back to the date of the original sentence. We conclude that it does and annul an order revoking probation made after petitioner's probationary period had expired.

On December 3, 1982, petitioner was sentenced to state prison for a term of two years and eight months following his plea of guilty to three counts of attempted arson. After a timely recall of sentence, petitioner was resentenced on April 26, 1983, pursuant to Penal Code section 1170, subdivision (d). This provision reads as follows:

"(d) When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Board of Prison Terms, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The resentence under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."

Upon resentencing, the court placed petitioner on probation for a term of five years upon condition he serve a period of six months in a psychiatric hospital. Petitioner's probation was summarily revoked on April 22, 1988, on motion of the district attorney. Petitioner filed a petition for writ of habeas corpus in San Francisco Superior Court arguing that he should have credit on his probation for time spent in custody and that, thus, he was not still on probation on April 22. The superior court refused to accept the argument that a period of probation could be lessened by credit for time spent in custody. The court viewed the question as "whether the resentence dates back to the original sentence, or whether it starts afresh as though the original sentence had never been pronounced, . . ." The superior court denied the petition for habeas relief and petitioner filed the instant petition in this court.

We agree with the superior court's framing of the issue. Although we find no case directly on point, the reasoning of the court in *People* v. *Dyer* (1969) 269 Cal.App.2d 209 [74 Cal.Rptr. 764], foreshadows our holding today. In *Dyer,* a defendant's life sentence had been set aside on habeas corpus because of the invalidity of a prior conviction after the defendant had served eight years in prison. The court then imposed probation of 10 years and the defendant argued that he should be given 8 years of credit against the "sentence of probation." After rejecting this argument, the appellate court noted that Penal Code section 1203.1 permits a sentencing court to impose a period of probation which can equal the maximum possible term of the sentence. At the time the defendant committed the offense involved in the *Dyer* case, he could have been imprisoned in the state prison from five years to life. "Since the court had the power to suspend the imposition of the sentence for the maximum term of the life sentence, it was empowered under section 1203.1 to place defendant on probation for life. Accordingly, although defendant had served in excess of 8 years on account of the original life sentence when the court below granted the writ of habeas corpus . . . the granting of 10 years' probation from and after that date did not do violence to section 1203.1." (*People* v. *Dyer, supra,* 269 Cal.App.2d at p. 214.)

In the instant case, had petitioner been granted probation at the time of the original sentencing, he could not have been put on probation for longer than five years. His maximum sentence for three counts of attempted arson would have been three years for the primary term and eight months each for the two subordinate terms. (Pen. Code, §§ 455, 1170.1, subd. (a).) "[W]here the maximum possible term of the sentence is five years or less, then the period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years; . . ." (Pen. Code, § 1203.1.)

Not only does the imposition of probation of five years starting at the time of resentencing do violence to Penal Code section 1203.1, it runs counter to the purpose of resentencing in section 1170, subdivisions (d) and (f). Resentencing is to "eliminate disparity of sentences and to promote uniformity of sentencing." This can best be achieved by relating the new sentence back to the date of the original sentencing.

We conclude from the language of Penal Code section 1170 and its previous interpretation that the Legislature intended the result we reach here. The Legislature used the terms "recall" and "resentence" rather than "correct" or "modify." In discussing former section 1168, "the predeterminate sentence law statutory predecessor of section 1170, subdivision (d)" (*People* v. *Delson* (1984) 161 Cal.App.3d 56, 61 [207 Cal.Rptr. 244]), the Supreme Court explained that the procedure for recall was not an alternative for the Adult Authority's function of determining that a defendant had become rehabilitated. It was a determination that "the prison sentence should never have been imposed." (*Holder* v. *Superior Court* (1970) 1 Cal.3d 779, 782 [83 Cal.Rptr. 353, 463 P.2d 705].) If the recall and resentence result in a prison sentence, subdivision (d) explicitly provides that credit must be given for time already served thus, in effect, relating the sentence back to the date originally imposed. This language does not apply to the grant of probation upon recall of the sentence but suggests the intention of the Legislature that the sentence shall start as if imposed upon the date of original sentencing. The intent of the Legislature can also be discerned from the requirement that "the new sentence, if any," shall be "no greater than the initial sentence." If the probation period starts following a portion of a prison sentence, the defendant in effect is serving both a prison term and a period of probation. This is a sentence which is not only greater than that originally imposed but one which is beyond the power of the court to initially impose.

The People do not agree that the petitioner has been given a greater sentence than permitted by law. The People argue that the situation is no different than an interrupted probation period followed by a full determinate prison sentence. The situation is materially different because, when probation is revoked and sentence imposed, the result is triggered by misconduct on the part of the defendant. In contrast the result in the instant case was caused, not by any misconduct of petitioner, but by the trial court's conclusion that a prison term was not the appropriate sentence.

In sum, we conclude that a resentencing pursuant to Penal Code section 1170 relates back to the date of the original sentence. Therefore, petitioner's probation expired December 3, 1987. The superior court was without jurisdiction to revoke petitioner's probation on April 22, 1988. (Pen. Code,

§ 1203.3; *In re Daoud* (1976) 16 Cal.3d 879, 882 [129 Cal.Rptr. 673, 549 P.2d 145].) The order of that date revoking probation is hereby annulled.

Anderson, P. J., and Channell, J., concurred.