[No. D025605. Fourth Dist., Div. One. Aug. 18, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
EARL JAMES HONEA, Defendant and Appellant.

## COUNSEL

Greg M. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Robert M. Foster, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

NARES, J.—Earl James Honea appeals the judgment on his conviction of burglary (Pen. Code,[1] § 459) and two counts of petty theft with a prior burglary conviction (§§ 666/484), with three prior serious felony convictions (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)), enhanced by seven prior prison terms (§ 667.5, subd. (b)).

### PROCEDURAL BACKGROUND

On March 6, 1996, the trial court sentenced Honea to 25 years to life for burglary with 3 prior serious felony convictions. It stayed sentence on 2

---

[1]All statutory references are to the Penal Code.

petty theft with a prior convictions and 7 prior prison term enhancements (§§ 654, 1385) and awarded 174 days' credit for time served: 116 actual days and 58 days' credit pursuant to section 4019.[2]

On June 28, 1996, the court recalled the sentence (§ 1170, subd. (d)). On August 26, the court struck the second and third strike as to the burglary conviction and sentenced Honea to serve six years in prison: double the three-year upper term for burglary with the prior serious felony conviction. It ordered the sentence on the other two counts to remain as initially set and made no change in the credit for time served.

On October 7, the court awarded Honea eight days' credit for time served before March 6, and continued the matter until October 16 on the question of whether it should have imposed a consecutive term on one of the petty theft with a prior conviction.

On October 16, the court imposed a 32-month consecutive term for one of the petty theft with a prior conviction (double the 16-month lower term) and stayed sentence on the second petty theft with a prior conviction for a total of 8 years 8 months. The court awarded credit for 12 more days (194 days total) for time served (8 actual days and 4 days section 4019 credits) during the period of October 8 through October 16.

Honea contends the trial court erred in imposing the sentence on the petty theft with a prior conviction and in awarding credit for time served.

DISCUSSION

I.

The People concede, as they must, that the sentence on the petty theft with a prior conviction should be one-third the middle term rather than a full term. (§ 667, subd. (e)(1); *People* v. *Martin* (1995) 32 Cal.App.4th 656, 665-668 [38 Cal.Rptr.2d 776].) The sentence is modified to seven years four months: six years for burglary with one prior serious felony conviction, with one consecutive term of sixteen months (double one-third the middle term) for petty theft with one prior burglary and one strike.

II.

■ The court initially sentenced Honea on March 6, 1996. It resentenced him on August 26 after the decision in *People* v. *Superior Court* (*Romero*)

---

[2]On September 13, 1996, Honea's trial counsel advised the court that Honea should have received credit for 182 days rather than 174 days for time served before March 6.

(1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]. It imposed a six-year sentence for burglary and struck three of the four prior strikes. It left determination of the credits to the Department of Corrections. On October 16, the court imposed sentence on one petty theft conviction and stayed the other. It determined the credit for the time Honea was in local custody. Citing *People* v. *Chew* (1985) 172 Cal.App.3d 45 [217 Cal.Rptr. 805], Honea contends the court erred in failing to award credit for all the time he spent in custody since his arrest. Relying on *In re Quinn* (1988) 206 Cal.App.3d 179, 182 [253 Cal.Rptr. 402], the People argue that when a court recalls an initial sentence and imposes a new sentence, the initial sentencing date is considered the date of sentencing. They further argue the court properly determined the credit as of August 26. They are mistaken.

First, if the court only had a duty to determine credit as of the initial date of sentencing, that was March 6, and not August 26. Second, in *Quinn*, the court considered when the defendant was sentenced for the purposes of determining when a period of probation began. (*In re Quinn, supra*, 206 Cal.3d 179.) It has nothing to do with credit for time served.

In *People* v. *Chew, supra*, 172 Cal.App.3d 45, the defendant was convicted and sentenced to prison. The conviction was partially reversed and he was back before the trial court after being in local custody and in prison. The issue on appeal was whether the trial court should determine behavior credit to which he was eligible under the local two-for-one good time standard or the Department of Corrections' one-for-one work credit standard. The reviewing court held: "Section 2900.5 requires the sentencing court to determine the actual days of physical confinement of the nonprison kind, including the extra or bonus credits earned in the jail, farm or camp, and the number of days served in prison pending resentencing. Other code sections (§§ 2930-2935) assign to the Director of Corrections the duty of determining prison behavior and worktime credits, including the determination of appropriate worktime credits while the defendant is away from prison awaiting resentencing. Provision is also made for administrative review of these prior credit determinations. Therefore, a sentencing court abuses its discretion when it attempts to determine prison behavior and worktime credits earned to date, except when it is done after the administrative process is completed." (*People* v. *Chew, supra*, 172 Cal.App. 3d at pp. 50-51.)

Applying the law expressed in *Chew*, when the trial court here imposed sentence on October 16, 1996, it should have awarded Honea actual time credit for the days spent in prison and left determination of behavior credit to the prison administration. If Honea is dissatisfied with the administration's determination, he may seek administrative appeal and ultimately a habeas corpus writ.

Honea argues the trial court erred in allowing the Department of Corrections to compute time served while he was in prison and not itself awarding credit for all time served between his arrest and resentencing on October 16. Honea claims it is the Department of Corrections' policy to award only 20 percent good time credit for all presentence custody. He argues he should receive the two-for-one credit awarded by the trial courts for presentence custody. He wants this court to find the Department of Corrections' policy contrary to law. We will not discuss this abstract question.

## DISPOSITION

The convictions and sentence are affirmed as modified but for determination of credit for time served. Regarding credit for time served, the sentence is reversed and the matter remanded to the trial court to determine and award credit for the actual time Honea spent in prison between March 6 and October 16, 1996. The trial court shall advise the Department of Corrections of the determination and permit it to determine behavior credit earned while Honea was in prison.

Kremer, P. J., and McIntyre, J., concurred.