Filed 8/2/13  P. v. Johnson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055124 |
| v. | (Super.Ct.No. RIF132634) |
| CLYDE JOHNSON, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jeffrey Prevost, Judge.
Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and
Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney
General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Meredith S.
White, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Clyde Johnson, Jr., appeals after a guilty plea to four
vehicular offenses.  The sole issue on appeal is the calculation of presentence custody

1

credits under Penal Code section 4019.  Defendant argues that he is entitled to two-for-two credits under the most recent amended version of Penal Code section 4019; the People contend that the most recent amendment was prospective only and does not apply to defendant.  We affirm.

FACTS AND PROCEDURAL HISTORY

On August 20, 2006, a police officer in Claremont, California, saw defendant fail to stop his vehicle at a red light.  The officer activated the lights and siren of his marked police vehicle to pull defendant over.  Defendant pulled over momentarily, but then sped away, which led to a vehicle chase.  The chase eventually ended and defendant was arrested.

As a result, defendant was initially charged with several traffic offenses:  fleeing or evading a peace officer (Veh. Code, § 2800.2) in count 1; driving under the influence (DUI) of alcohol (Veh. Code, § 23152, subd. (a)) in count 2 (with an allegation of a 1999 DUI prior); driving with a blood-alcohol level over 0.08 percent (Veh. Code, § 23152, subd. (b)) in count 3 (alleging the same 1999 DUI prior); and driving without a valid license (Veh. Code, § 12500, subd. (a)) in count 4.  The complaint also alleged five prior prison term offenses under Penal Code section 667.5, subdivision (b) (a 1999 conviction of terrorist threats, a 1998 conviction of recklessly evading a police officer, a 1997 conviction of second degree burglary, a 1990 conviction of possession of drugs for sale, and a 1986 conviction of possession of drugs).

After a preliminary hearing, defendant was charged in 2008 by information with most of the same offenses:  count 1, evading a peace officer in violation of Vehicle Code

2

section 2800.2; count 2, DUI in violation of Vehicle Code section 23152, subdivision (a); count 3, driving with a blood-alcohol level over 0.08 percent in violation of Vehicle Code section 23152, subdivision (b); and count 4, a charge of driving while his privileges were suspended, in violation of Vehicle Code section 14601.2, subdivision (a), in place of the former charge under Vehicle Code section 12500, subdivision (a). The same prior DUI was alleged with respect to counts 2 and 3, the same five prior prison term allegations were included in the information, and the 1999 conviction for terrorist threats was alleged as a strike prior.

Defendant asked the court to exercise its discretion to dismiss his strike prior, but the court declined to do so. Defendant then withdrew his not guilty plea and made a plea to the court of guilty as to counts 1 and 2 (felony evading an officer and misdemeanor DUI) in exchange for a prison term of four years. The prosecutor refused to agree to dismiss the remaining two misdemeanor counts, so defendant eventually pleaded guilty to all four charges. The sentence on the principal count, felony evading an officer, was doubled under the "Three Strikes" law, for a term of four years in prison. The misdemeanor sentences were made concurrent. The court dismissed the five prison term priors in the interest of justice. Defendant's plea agreement indicated he was to be given credit for 89 days of actual pretrial custody, plus 44 days of conduct credits under Penal Code section 4019, for a total of 133 days. At the change-of-plea hearing, the court stated on the record, pursuant to discussions in chambers, its understanding that, even though defendant had the criminal threats prior strike conviction, he would still be eligible to receive 50 percent custody credits in prison.

Defendant, upon learning that he would not be eligible to earn 50 percent conduct credits in state prison, filed a petition for writ of habeas corpus with this court in case No. E053246. This court ordered the trial court to conduct a hearing to determine, as a factual matter, whether the belief or representation that he would be able to earn 50 percent conduct credits against his prison service was a substantial factor in defendant's decision to enter a guilty plea. The trial court held the hearing as directed on August 26, 2011. The court found, upon hearing testimony of defendant and his former counsel, that the advisement that he would be able to earn 50 percent credits was a substantial factor in the decision to plead guilty. The trial court therefore ordered the guilty pleas withdrawn, nunc pro tunc to the plea date of November 18, 2008.

In October 2011, defendant again waived his constitutional rights and pleaded guilty to all four counts and admitted the strike prior. The court dismissed the prison term priors. This time, defendant was fully advised and understood that he would be eligible to earn only 20 percent credits against his prison term. Defendant was awarded credit for 572 days of actual presentence custody, plus 286 days of credits under Penal Code section 4019, for a total of 858 days.

Defendant filed a timely notice of appeal in November 2011.

In February 2012, the trial court received an ex parte letter from the California Department of Corrections and Rehabilitation (CDCR), advising the court that, pursuant to *People v. Honea* (1997) 57 Cal.App.4th 842 and *People v. Chew* (1985) 172 Cal.App.3d 45, defendant was entitled to presentence conduct credits only for that time before he initially pleaded guilty and started serving his state prison sentence. At the

4

time defendant was first sentenced, he had been awarded 29 days of actual service credit and 28 days of local conduct credits. The letter asked the court to "review your file to determine if a correction is required." The court entered an ex parte order in the minutes, correcting the award of credits nunc pro tunc, to award defendant 29 days of actual presentence custody credit, plus 28 days of presentence conduct credit, for a total of 57 days.

Appointed appellate defense counsel filed a motion in the trial court to again modify defendant's presentence custody credits. Counsel noted amendments to the credit provisions: before October 1, 2011, Penal Code section 4019 covered custody credits for local presentence time, and Penal Code section 2933 provided for custody credits against time served in state prison. As a result of the Criminal Justice Realignment Act of 2011 (hereafter Realignment Act or Act) (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1), the custody credits provisions were consolidated into Penal Code section 4019 as amended. Under the current version, even a defendant with a strike prior would be eligible for day-for-day, or 50 percent, custody credits as long as the current offense was nonviolent. The Realignment Act amendments to Penal Code section 4019 were expressly made applicable only to crimes committed on or after the effective date, October 1, 2011. However, counsel argued that equal protection principles required the new custody credit provisions to be applied retroactively to all inmates, analogously to *In re Kapperman* (1974) 11 Cal.3d 542, 544-545. Counsel informed the court that he filed the motion in

5

the trial court in the first instance because, until the trial court ruled on the motion, the equal protection argument could not be pursued on appeal.[1]

The trial court denied the motion, and defendant filed a new notice of appeal.

Appellate defense counsel followed up with another request, this time to correct the calculation of days of credit to which defendant was entitled. Counsel argued that both the calculation of actual days of custody credit and the days of presentence conduct credit were in error. First, the letter from the CDCR had asked the court to recalculate only the conduct credits, and had not requested any change to the determination of how many days in actual custody defendant had served. Defendant should therefore be entitled to the 572 days of credit he had actually served at the time of the second sentencing, and not reduced to the 29 days calculated as of the time of the first sentencing. Second, the CDCR letter assumed that only the sentence had been reversed or recalled, when the conviction itself had been vacated by defendant's withdrawal of his plea. Pursuant to *In re Martinez* (2003) 30 Cal.4th 29 (*Martinez*), defendant was entitled to conduct credit for time earned before the first sentencing, plus time between the date the first judgment was vacated and the second sentence was imposed. The court deemed defendant's guilty pleas withdrawn on September 14, 2011. Defendant entered a new guilty plea and was sentenced on October 21, 2011, a period of 38 days. He had also

---

[1] When he learned that the trial court had amended the award of credits in response to the CDCR letter, appointed appellate defense counsel moved to withdraw the opening brief that he had filed on March 14, 2012. That brief had challenged only the calculation of defendant's presentence credits. Appellate counsel filed a new notice of appeal on March 28, 2012.

6

previously served 29 days of actual custody before the first sentencing. At a 50 percent rate, defendant should have been awarded 67 days of presentence conduct credit.

The trial court responded by modifying defendant's custody credits again. The court determined that defendant had been in custody during three distinct periods: phase I, in local custody between his arrest and the first sentencing; phase II, serving his sentence of imprisonment from the time of the first sentence to the time that the first sentence was reversed; and phase III, between the time of the reversal of his first sentence to the time he was sentenced for a second time. The trial court was required to calculate the days of actual custody defendant had served during all three phases. However, the CDCR and defense counsel had pointed out that, pursuant to *Martinez*, *supra*, 30 Cal.4th 29, only the CDCR was permitted to calculate conduct credits attributable to phase II, when defendant was serving his sentence under the auspices of the CDCR and subject to its rules and regulations. The trial court was responsible for calculating the custody credits attributable to periods when no sentence was in effect, i.e., during phases I and III.

The trial court determined that defendant was entitled to a total of 572 days of actual custody credit for all three phases of incarceration. He had admitted a prior strike, and was therefore eligible only for two-for-four credits under the version of Penal Code section 4019 in effect from January 25, 2010, to September 27, 2010. The trial court had already denied defendant's motion to have the most recent version of Penal Code section 4019 apply to him, under equal protection grounds. Defendant had earned 30 days of actual custody credit in phase I. His credits under Penal Code section 4019 should have been 14 days. Defendant earned 57 days of actual custody credit in phase III. His credits

7

under Penal Code section 4019 for phase III should have been 28 days. The trial court awarded defendant 572 days of actual custody credit, plus 42 days of conduct credits for phases I and III, for a total of 614 days of credit. The trial court ordered the CDCR to calculate the credits to be awarded to defendant for phase II.

We now turn to a consideration of defendant's appeal.

ANALYSIS

I. Standard of Review

Defendant does not quarrel with the trial court's adoption of the multi-phase approach for calculation of credits set out in *Martinez*, *supra*, 30 Cal.4th 29. Rather, defendant urges only that he should be awarded day-for-day conduct credit under principles of equal protection. This contention presents a question of statutory interpretation and the construction of constitutional provisions. The contention thus raises what is primarily an issue of law, which we review de novo. (*People v. McKee* (2012) 207 Cal.App.4th 1325, 1338 [the appellate court reviews de novo a determination whether a statutory provision violates a defendant's equal protection rights].) The applicability of the statute does depend on certain factual matters, such as whether a defendant's current conviction is for a violent felony conviction or whether other disqualifying factors obtain. However, where the underlying facts are not in dispute, the issue remains one of law, which we review independently. (See *Kim v. Superior Court* (2006) 136 Cal.App.4th 937, 940 [independent review is appropriate when the issue involves the application of a statute to undisputed facts].)

8

## II. Prospective Application of Penal Code Section 4019 Does Not

## Violate Equal Protection Principles

Defendant recognizes that, by its terms, the new version of Penal Code section 4019, which provides for two-for-two credits for most inmates, applies only to defendants whose crimes were "committed on or after October 1, 2011." (Pen. Code, § 4019, subd. (h).) However, he contends that the ameliorative effect of the statutory change should be applied to all inmates because of the equal protection clauses of the federal and state Constitutions. (*In re Kapperman*, *supra*, 11 Cal.3d 542, 544-545; U.S. Const., 14th Amend.; Cal. Const., art I, § 7.)

Penal Code section 4019 has been amended numerous times in recent years. Before January 25, 2010, inmates were able to earn two days of conduct credits for every four days of actual custody, during presentence confinement in local custody. (Former Pen. Code, § 4019, subd. (f), as amended by Stats. 1982, ch. 1234, § 7, pp. 4553-4554.) Effective January 25, 2010, the Legislature amended Penal Code section 4019 to provide that, with a few exceptions, most inmates would be able to earn two days of conduct credits for each two days of actual custody. (Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50.) Nine months later, effective September 28, 2010, the Legislature again amended Penal Code section 4019, restoring the six-for-four credits previously provided pre-January 25, 2010. (Former Pen. Code, § 4019, subds. (b), (g); Stats. 2010, ch. 426, §§ 1-2, 5.)

Most recently, the Legislature again amended Penal Code section 4019 to provide for two days credit against each four-day period of confinement in local custody. (Pen.

Code, § 4019, subds. (b), (c).)  The Legislature expressed its intent that, if all days are earned under Penal Code section 4019, a term of four days will be deemed to have been served for each two days in actual custody.  (Pen. Code, § 4019, subd. (f).)  This version of Penal Code section 4019 became operative on October 1, 2011.  (Stats. 2011, ch. 39, § 53.)

Penal Code section 4019, subdivision (h), provides expressly that "[t]he changes to this section enacted by the [A]ct that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011.  Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."  The gravamen of defendant's equal protection claim is that, if the new credit provisions are given only prospective effect, the scheme would result in impermissible disparate treatment of similarly situated inmates, simply based on the date of their respective offenses.

In *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*), the California Supreme Court addressed the version of Penal Code section 4019 in effect on January 25, 2010.  There, the court rejected an analogous argument that the more lenient provisions of that version of the statute must be applied retroactively to avoid violation of the equal protection clauses of the federal and state Constitutions.  The *Brown* court stated:

"The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally.  [Citation.]  Accordingly, ' "[t]he first prerequisite to a meritorious claim under the equal protection

clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." ' [Citation.] 'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' " (*Brown*, *supra*, 54 Cal.4th 314, 328.) The court noted, however, that "the important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response. That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows." (*Id*. at pp. 328-329.)

The *Brown* court held that *In re Kapperman*, *supra*, 11 Cal.3d 542, upon which defendant relies, was not controlling. *Kapperman* involved the exclusion of a class of inmates from earning actual custody credits, not conduct credits. Conduct credits must be earned by a defendant, whereas custody credits are constitutionally required and awarded automatically on the basis of time served. (*People v. Brown*, *supra*, 54 Cal.4th 314, 330.)

We therefore reject defendant's claim that he is entitled to additional conduct credits based on equal protection principles.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

                                                    McKINSTER
                                                                    J.


We concur:


HOLLENHORST
              Acting P. J.


MILLER
                J.