Filed 5/11/15  P. v. Gomez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

FERNANDO REY GOMEZ,

    Defendant and Appellant.

E061234

(Super.Ct.No. FSB14849)

OPINION

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Affirmed with directions.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

On December 1, 2006, defendant and appellant Fernando Rey Gomez pled guilty

1

to voluntary manslaughter (count 1; § 192, subd. (a))[1] and attempted voluntary manslaughter (count 2; §§ 664, 192, subd. (a)). The court sentenced defendant to a determinate period of incarceration of 19 years 4 months and awarded custody credits.

On appeal, defendant contends the court later violated the terms of his plea agreement by rescinding custody credits it previously awarded for time defendant spent in prison. Defendant additionally contends the court failed to award him statutorily mandated conduct credits for the time he spent in local custody. We agree with defendant's latter contention and shall award defendant conduct credits for the time he spent in local custody. In all other respects, the judgment is affirmed.

PROCEDURAL HISTORY

On October 6, 1998, a jury convicted defendant of murder (count 1; § 187, subd. (a)) and attempted murder (count 2; §§ 664, 187, subd. (a)). The jury also found true allegations defendant had personally used a firearm in his commission of both the count 1 and 2 offenses (§ 12022.5, subd. (a)) and that he had inflicted great bodily injury in his commission of the count 2 offense (§ 12022.7, subd. (a)). On November 4, 1998, the court sentenced defendant to an indeterminate term of incarceration of 28 years to life.

On January 11, 2005, the United States District Court, Central District of California, Eastern Division, granted defendant's petition for writ of habeas corpus in

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

part and directed the superior court to vacate defendant's judgment of conviction.[2] On December 1, 2006, defendant pled guilty to voluntary manslaughter (count 1; § 192, subd. (a)) and attempted voluntary manslaughter (count 2; §§ 664, 192, subd. (a)). Defendant additionally admitted allegations that he personally used a firearm (§ 12022.5, subd. (a)) and inflicted great bodily injury (§ 12022.7, subd. (a)). In return, defendant received a determinate sentence of 19 years 4 months in state prison with credit for 3,973 days including 3,455 days of actual custody credit and 518 days of conduct credit.

On April 9, 2014, a correctional case records analyst with the Division of Adult Institutions Legal Processing Unit sent the court a letter noting that the court had incorrectly awarded defendant custody credits for time defendant spent in prison: "It is the responsibility of the Department of Corrections and Rehabilitation [CDCR] to determine the amount of worktime credit to which an inmate is entitled from the date of the initial sentencing." The records analyst noted, "The defendant lost numerous days of CDCR conduct credits due to disciplinary actions and zero credit earning status while in CDCR custody."

The court responded on April 24, 2014, by ordering the preparation of "an amended abstract showing 3,455 days actual credit as of 12/1/06. Do not include conduct credits." The clerk issued an amended abstract of judgment reflecting the award of 3,455 days of actual custody credit and zero days of conduct credit.

On May 16, 2014, defendant filed a notice of appeal contending the amended

---

[2] We took judicial notice of the district court's order and judgment granting defendant's petition for writ of habeas corpus.

abstract of judgment rescinding his award of conduct credits violated the terms of his plea agreement. On May 27, 2014, defendant's counsel at the time defendant entered the plea filed a letter with the superior court requesting a hearing on the matter contending the rescission of defendant's conduct credits violated the terms of the plea agreement, the court was still required to award conduct credits for time defendant spent in local custody, and that the CDCR was estopped from requesting the amendment due to the eight years that had passed since the court first entered judgment.

## DISCUSSION

### A. Conduct Credits for Time Defendant Spent in Prison.

Defendant contends the court's rescission of the days of conduct credit the court previously awarded him violated the express terms of his plea agreement. Defendant maintains he is entitled to specific performance of the term of his plea agreement granting him 518 days of conduct credit. We disagree.

"Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles. [Citation.] Acceptance of the agreement binds the court and the parties to the agreement. [Citations.] '"When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement."' [Citations.]" (*People v. Segura* (2008) 44 Cal.4th 921, 930-931, fn. omitted.)

"'Under certain circumstances, specific performance of the agreement is warranted, but it is not a favored remedy for violation of a plea bargain. [Citation.] And,

4

specific enforcement of a plea bargain is not a remedy required by the federal Constitution. [Citation.]' [Citation.] Moreover, specific performance is not an available remedy when the negotiated sentence is invalid or unauthorized. [Citation.]" (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1224.)

"If for any reason the court cannot effectuate the terms of a plea bargain, it must permit the defendant to withdraw his guilty plea. [Citation.] The plea bargain must comply with the statutory mandated sentence and the trial court has no discretion to 'make its own ad hoc adjustment to fit what it perceives as equity and justice.' [Citation.]" (*People v. Jackson* (1981) 121 Cal.App.3d 862, 869.) "Even if a defendant, the prosecutor and the court agree on a sentence, the court cannot give effect to it if it is not authorized by law. [Citation.]" (*Ibid*.)

A court's award of conduct credits for a defendant's time spent in prison is statutorily unauthorized. (*People v. Brown* (2004) 33 Cal.4th 382, 405; *People v. Buckhalter* (2001) 26 Cal.4th 20, 31, 33 ["Clearly defendant is not entitled to section 4019 credits for his time in a state penitentiary"]; *People v. Donan* (2004) 117 Cal.App.4th 784, 792.) "'[A] sentencing court abuses its discretion when it attempts to determine prison behavior and worktime credits earned to date . . . .' [Citation.]" (*People v. Honea* (1997) 57 Cal.App.4th 842, 845 disapproved of on another ground in *People v. Johnson* (2004) 32 Cal.4th 260, 268, fn. 3.)

Here, defendant expressly indicates he "is not seeking to withdraw his guilty plea. He does not challenge the plea bargain. He is not seeking a remand to withdraw his plea. He seeks specific performance of his plea agreement as the only appropriate remedy."

However, as noted above, the trial court is not statutorily authorized to grant defendant conduct credits for time he served in prison even though the People, defendant, and the court apparently agreed to such an award. Thus, defendant is not entitled to an award of conduct credits for the time he spent in prison unless the CDCR awards the credits itself. Therefore, the court's decision to rescind defendant's conduct credits, insofar as they extended to his time spent in prison, was proper.

B.     Local Conduct Credits.

Defendant contends that regardless of whether he is entitled to conduct credits for the time he served in prison, he is entitled to an award of conduct credits for the time he spent in local custody. Defendant and the People agree the court was required to award defendant a total of 178 days of conduct credit for the time he spent in local custody. We agree.

Where a defendant was sentenced to prison and his conviction was reversed on appeal, defendant "is entitled to receive . . . conduct credits for phases I [presentence local custody] and III [post reversal local custody] . . . ." (*People v. Donan* (2004) 117 Cal.App.4th 784, 792.) "A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered. [Citation.]" (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647; *Donan*, at p. 793.) Where a defendant's conviction is listed under section 667.5, subdivision (c), he is a person specified under section subdivision (a) of section 2933.1 and, therefore, may not be awarded conduct credits exceeding 15 percent of his actual period of confinement. (*People v. Chism* (2014) 58 Cal.4th 1266, 1337.)

6

Here, the court's order amending the award of conduct credits failed to award defendant his statutorily mandated conduct credits for the time he spent in local custody. Defendant's conviction for voluntary manslaughter is an offense listed under section 667.5, subdivision (c)(1); thus, he is entitled to accrue no more than 15 percent conduct credits for the time he actually spent in local custody. These periods include the days defendant spent in local custody prior to his original sentencing and the period between January 11, 2005, the date the District Court granted his petition for writ of habeas corpus, and December 1, 2006, the date he was sentenced again after entering a guilty plea. Therefore, as agreed by the parties, defendant is entitled to local conduct credits pursuant to section 2933.1 in the amount of 178 days.

## DISPOSITION

The superior court is directed to amend the abstract of judgment to reflect an award of 178 days of conduct credit. The corrected abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

HOLLENHORST
Acting P. J.

MILLER
J.

7