Filed 11/27/24  P. v. Schrubb CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C099440 |
| Plaintiff and Respondent, | (Super. Ct. No. 62034687B) |
| v. | |
| KEVIN RAY SCHRUBB, | |
| Defendant and Appellant. | |

This is a case about conduct credits in which the People properly concede error. Defendant Kevin Ray Schrubb was convicted in 2004 of charges related to an armed bank robbery and sentenced to prison for 340 years to life.  In 2023, defendant was resentenced pursuant to Penal Code section 1172.75 to 125 years to life plus 4 years. Undesignated statutory references are to the Penal Code.  On appeal, defendant contends the trial court erred in updating his conduct credits to include the time he served in prison.  We modify the judgment to correct the conduct and total credit determinations and affirm the judgment as modified.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant participated in the armed robbery of a local bank on March 17, 2003. In 2004 a jury convicted him of conspiracy to commit robbery, 5 counts of second degree robbery, 11 counts of assault with a semiautomatic firearm, unlawful taking or driving of a vehicle, and felony evading an officer. The jury also found true enhancements for personal use of a firearm and principal armed with a firearm, as well as allegations of two prior serious and violent felony convictions (§ 667, subd. (a)(1)), two strikes, and five prior prison terms (former § 667.5, subds. (a), (b)). (*People v. Schrubb* (Jan. 13, 2016, C077295) [nonpub. opn.].) In November 2004, the trial court sentenced defendant to 340 years to life in prison and awarded 688 days of custody credit (599 days of actual credit plus 89 days of conduct credit). This court affirmed the judgment. (*People v. Schrubb* (Dec. 7, 2005, C048225) [nonpub. opn.].)

The trial court resentenced defendant in August 2016 to prison for 129 years to life plus 4 years determinate. The court awarded 5,630 days of custody credit (4,896 days of actual credit and 734 days of conduct credit).

In August 2022, the trial court found that defendant's sentence included enhancements for prior prison terms pursuant to former section 667.5, subdivision (b) and defendant was entitled to resentencing under section 1172.75.

During the July 2023 resentencing hearing, the court denied defendant's motion to dismiss his prior strikes pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court also declined to dismiss the firearm enhancements, but it did strike the associated punishment. The court dismissed the prior serious felony enhancements (§ 667, subd. (a)(1)) and the prior prison term enhancements (former § 667.5, subdivision (b)). The court imposed a 125-years-to-life indeterminate term plus a 4-year determinate term. The court awarded 8,558 days of custody credit (7,442 days of actual credit and 1,116 days of conduct credit). This custody credit is reflected on the abstract of judgment.

2

Defendant timely appealed.

In April 2024, appellate counsel sent a letter to the trial court asking the trial court to amend the abstract of judgment pursuant to section 1237.1 and *People v. Fares* (1993) 16 Cal.App.4th 954. Counsel argued that, in a resentencing, California Department of Corrections and Rehabilitation (CDCR) was responsible for calculating the conduct credits earned since the original sentencing hearing, not the trial court.

The following month, the trial court declined to adjust the credits award or modify the abstract of judgment.

## DISCUSSION

The parties agree that in calculating custody credits during the 2023 resentencing, the trial court improperly included conduct credits for the time defendant was in prison. In updating defendant's custody credits, the court ordered 7,442 actual credits and 1,116 conduct credits. In November 2004, at defendant's original sentencing, he was awarded 89 conduct credits. We agree that number should not have changed.

Under section 4019, a defendant in custody after his arrest and prior to sentencing can receive credit against his eventual sentence for various reasons. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 30.) At sentencing, the trial court must calculate the number of days the defendant has been in custody prior to sentencing, add applicable local conduct credits earned pursuant to section 4019, and reflect the total in the abstract of judgment. (§ 2900.5, subds. (a) & (d); see also *Buckhalter*, at p. 30.) Once a defendant has started serving a prison term, the defendant is entered into the custody of the CDCR, where credits can be earned for work performed and good behavior. (See § 2930 et seq.; see also *Buckhalter*, at p. 31.) At this point, the defendant is no longer eligible to earn local conduct credits. (*Buckhalter*, at pp. 33, 40.) Determination of credits for behavior and worktime in prison is the responsibility of the CDCR. (See *People v. Chew* (1985) 172 Cal.App.3d 45, 50, overruled on other grounds in *Buckhalter*, at p. 40; see also *Buckhalter*, at p. 31.)

When resentencing a defendant who is already serving a prison sentence, the trial court must (1) recalculate " 'all actual time' " the defendant has served and (2) calculate the local conduct credits "for the period before the original sentencing hearing." (*People v. Sek* (2022) 74 Cal.App.5th 657, 673.) The CDCR is responsible for calculating a defendant's post sentence credits, including conduct credit for time following the original sentencing hearing. (*Sek*, at p. 673.) Here, neither party finds fault with the trial court's calculation of actual credits (7,442), and no party disputes that the original local conduct credit award of 89 days was correct. Accordingly, we modify the judgment to reduce the local conduct credits to 89 days and to correspondingly adjust the total number of credits to 7,531 days. We order the abstract of judgment amended accordingly.

## DISPOSITION

The judgment is modified to reflect local conduct credits of 89 days and total credits of 7,531 days. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy thereof to the CDCR.

/s/
MESIWALA, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
RENNER, J.

4