114 Cal.Rptr.2d 136 (2001)
94 Cal.App.4th 191
In re Pamela C. MARTINEZ, on Habeas Corpus.
No. B150882.
Court of Appeal, Second District, Division Seven.
December 5, 2001.
Review Granted February 20, 2002.
Elizabeth A. Courtenay, under appointment by the Court of Appeal, for Petitioner.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Paul D. Gifford, Senior Assistant Attorney General, Susan Duncan Lee, Supervising Attorney General, and Matthew D. Mandelbaum, Deputy Attorney General, for Respondent.
WOODS, J.
Pamela C. Martinez filed a petition for a writ of habeas corpus, claiming the court and California Department of Corrections (CDC) miscalculated her custody credits and has therefore held her beyond her proper release date. Martinez is correct. CDC's credits calculation failed to take into account the fact Martinez's original conviction had been reversed. Thus, the CDC miseharacterized the nature of 1,092 days Martinez spent in custody from the date of her original conviction in July 1996 until July 1999, when the court reversed the conviction. Martinez's 1,092 days in custody should have been characterized as "presentence" time and her custody credits should have been calculated under Penal *137 Code section 4019.[1] We grant the petition.

FACTUAL AND PROCEDURAL HISTORY
In February 1995, Martinez was arrested for theft and burglary. On December 11, 1995, she was convicted of petty theft with prior convictions. On July 9, 1996, the court sentenced her to 25 years to life under the Three Strikes Law. In March 1999, this Court granted Martinez habeas corpus petition on her claim of ineffective assistance of counsel. On July 6, 1999, Martinez's conviction and sentence were reversed.
The trial court granted a new trial and Martinez was remanded to custody. On August 19, 1999, the trial court struck one of Martinez's priors pursuant to People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628, and Martinez pled guilty to petty theft. The trial court imposed a nine-year prison sentence. The abstract of judgment showed the original December 11, 1995, conviction date with an August 19, 1999, sentence date, gave Martinez credit for 2,475 days in custody (1,650 actual and 825 conduct). The abstract indicated the sentence was imposed pursuant to a ruling on a Romero motion. Based on the abstract of judgment, May 27, 2001, was listed as her earliest release date.
Thereafter, CDC notified the trial court the abstract of judgment contained a miscalculation of the credits. CDC maintained the court should have only computed the actual time spent in prison following the sentencing while CDC would compute the "worktime" credits. The trial court issued another abstract of judgment, reflecting the December 11, 1995, conviction date, and giving Martinez credit for 773 days (515 of actual and 258 conduct), and again reflecting she was sentenced pursuant to a Romero motion. In view of this recalculation, Martinez earliest release date became, January 6, 2002.
Martinez filed a motion objecting to the new abstract of judgment. She asked the court to recalculate the days she served between her original sentence date in July 1996 and when she was resentenced on the subsequent conviction in August 1999 (after her original conviction and sentence were reversed). Martinez requested the court characterize those 1,092 days as "presentence" for the purposes of credits calculations. Martinez asserted CDC's calculation of her credits for this period were based on the assumption that she was simply "re-sentenced" under Romero, and thus CDC failed to calculate the days served as "presentence" time. She demanded the court impose the original credits of 2,475 days contained in the original abstract.
The trial court granted her motion, in part. The court issued a new abstract of judgment and, inter alia, ordered CDC to give Martinez actual time credits from July 10, 1996, to July 6, 1999, (1,092 days) plus 20 percent "worktime" credits for the 1,092 days. Thereafter, Martinez asked the trial court to reconsider its ruling, arguing she was entitled to "presentence" time credits under section 4019 for the 1,092 days, not 20 percent post-sentence credits. The court denied the request and Martinez unsuccessfully pursued her claim at a CDC administrative hearing. CDC subsequently recalculated her earliest release date as February 3, 2002.
On June 18, 2001, Martinez filed the instant petition. On October 18, 2001, this Court issued an Order to Show Cause and ordered Martinez be released from custody *138 on her own recognizance pending further order of this court.

DISCUSSION

Procedures and Standards for Habeas Corpus.
Because a petition for writ of habeas corpus seeks to collaterally attack a presumptively final criminal judgment, the petitioner bears a heavy burden to plead and later prove sufficient grounds for relief. (People v. Duvall (1995) 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252.)
Where as here, after considering the petition, the return and traverse, this court finds there are no disputed factual questions as to matters outside the trial record, the merits of the habeas corpus petition can be decided without an evidentiary hearing. (Id at p. 478, 37 Cal. Rptr.2d 259, 886 P.2d 1252.)

The Calculation and Characterization of the 1,092 Days of Martinez's Incarceration.
In her habeas petition, Martinez asserts the trial court erred when it failed to characterize the 1,092 days in custody between her original sentencing in July 1996 and the date the original conviction was overturned in July 1999 as "presentence" time under section 4019. The Attorney General responds the trial court correctly ordered Martinez be given 20 percent conduct credits under section 667, subdivision (c)(5) for her 1,092 actual days because during that time period Martinez was serving a sentence enhanced by a strike.[2] We agree with Martinez.
As Martinez correctly asserts, once her original conviction and sentence were reversed, the judgment of conviction and that original sentence cease to exist. Contrary to the Attorney General and CDC's assumptions, Martinez's original conviction was not remanded for resentencing and her original sentence was not merely modified under Romero. This case differs from the situation recently presented in People v. Buckhalter (2001) 26 Cal.4th 20, 108 Cal.Rptr.2d 625, 25 P.3d 1103, where the defendant claimed "presentence" credit for time custody between the date of his conviction and the date his case was remanded to the trial court for resentencing. In Buckhalter the Court rejected his claim concluding when a matter is remanded merely to correct sentencing errors, the defendant is not entitled to claim "presentence" credit for time in custody between the original conviction and resentencing. (Id at pp. 34-37, 108 Cal.Rptr.2d 625, 25 P.3d 1103.)
In contrast here, Martinez's case was not simply remanded to correct sentencing errors or for a sentence modification. Instead, her original conviction was reversed and her original sentence vacated; her conviction and sentence were discharged from the CDC's records. Thus, Martinez's time in custody from the date of her original sentence in July 1996, until her subsequent conviction and resentence on August 19, 1999, can only be characterized as "presentence" time. The reversal of her original conviction changed her custody status to that of a pre-trial detainee. Consequently, for the purposes of calculation of credits the character of her time in custody also changed to "presentence" time. (See People v. Robinson (1994) 25 Cal. App.4th 1256, 1257-1258, 31 Cal.Rptr.2d 445.) As the court in People v. Chew (1985) 172 Cal.App.3d 45, 47, 217 Cal.Rptr. 805 observed, "time spent in prison between initial sentencing and re-sentencing *139 or a new sentence is properly characterized as presentence time."
Nothing in the Three Strikes sentencing scheme, including the 20 percent conduct credit, alters the manner in which presentence time is calculated. (People v. Hill (1995) 37 Cal.App.4th 220, 227, 44 Cal. Rptr.2d 11 [holding Three Strikes law limiting certain prison credits does not eliminate presentence credits under section 4019].) The 20 percent conduct credit under section 667, subdivision (c)(5) applies to "post-sentence" credit. Thus, the court erred in directing the 20 percent conduct credit be applied to Martinez's 1,092 days in custody prior to her August 1999 conviction.
Given that the 1,092 days constitute "presentence" time, section 4019 determines the credits calculation. Under section 4019, the defendant's conduct credits for the time in custody following arrest but prior to imposition of sentence (i.e., presentence time) is calculated on a "two-for-four" basis. (§ 4019; People v. Bravo (1990) 219 Cal.App.3d 729, 268 Cal.Rptr. 486.) In other words, for every four days of actual time, the defendant is entitled to two days of creditthat is, the number of actual days served is divided by four then multiplied by two, with that total added to the number of actual days spent in custody. (People v. Williams (2000) 79 Cal. App.4th 1157, 94 Cal.Rptr.2d 727.) Applied here, Martinez was entitled to have 546 days[3] of credit added to the 1,092 actual days.
In view of the foregoing, we conclude Martinez has met her burden to prove sufficient grounds for extraordinary relief, and accordingly we grant her petition for writ of habeas corpus.

DISPOSTION
The petition for writ of habeas corpus is granted. This matter is remanded to the trial court. On remand, the trial court is directed to (1) vacate the April 11, 2001, abstract of judgment; and (2) order a new abstract of judgment pursuant to the views expressed in this opinion, specifically to reflect 546 days of presentence credit to be added to 1,092 actual days served. The court is further ordered to direct the Clerk of the Superior Court to prepare and send a new abstract of judgment to the Department of Corrections. The order releasing Petitioner from custody on her own recognizance is to remain in effect pending the trial court's compliance with the disposition herein, at which time Petitioner's release from confinement in this case (No. YA02349) shall become permanent.
We concur: JOHNSON, Acting P.J. and PERLUSS, J.
NOTES
[1] All statutory references are to the Penal Code unless otherwise indicated.
[2] Based on the Attorney General's analysis, Martinez earliest possible release date became December 26, 2001.
[3] These credits represent 1,092 days divided by four (i.e., 273) then multiplied by two (i.e., 546).