130 Cal.Rptr.2d 368 (2003)
105 Cal.App.4th 1373
The PEOPLE, Plaintiff and Respondent,
v.
David James CASPER, Defendant and Appellant.
No. D038550.
Court of Appeal, Fourth District, Division One.
February 3, 2003.
As Modified on Denial of Rehearing March 3, 2003.
Review Granted April 23, 2003.
*369 Michael B. McPartland, under appointment by the Court of Appeal, Petaluma, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Senior Assistant Attorney General, Anthony DaSilva and Arlene Aquintey Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.
McDONALD, J.
David James Casper entered a guilty plea to the following offenses: one count of carjacking (Pen.Code, § 215 subd. (a));[1] one count of residential burglary (§§ 459/460); one count of taking or knowingly driving a stolen vehicle (Veh.Code, § 10851, subd. (a)); 25 counts of robbery (§ 211), with personal use of a firearm in all but one of the robberies (§ 12022.53, subd. (b)); four counts of attempted robbery (§§ 664/211) with personal use of a firearm; two counts of false imprisonment (§§ 236/237) with personal use of a firearm (§ 12022.5, subd. (a)(1)); and assault with a semi-automatic firearm (§ 245, subd. (b)) with personal use of a firearm (§ 12022.5, subd. (a)(1)). Casper admitted a prior serious or violent felony conviction (hereafter *370 strike) (§§ 667, subds.(b)-(i), 1170.12, 668) alleged in each count, a prior serious felony conviction (§§ 667, subd. (a)(1), 668), and serving two prior prison terms (§§ 667.5 subd. (b), 668). The court dismissed the strike allegation on all but the carjacking conviction and sentenced him to 104 years 8 months in prison: double the three-year lower term for carjacking with a prior strike enhanced 10 years for personally using a firearm, with consecutive terms of one year four months for residential burglary, four years four months each on 19 counts of robbery while personally using a firearm, and five years for the prior serious felony conviction. With the exception of the sentence on the carjacking conviction, all sentences were one-third the middle term. The court imposed concurrent terms on the remaining convictions. Casper contends the matter must be remanded for resentencing because the trial court mistakenly believed it did not have discretion to impose concurrent terms on convictions for crimes that occurred on different occasions or did not arise from the same set of operative facts.

FACTS
During early October 1999, Casper burglarized his parents' home and stole credit cards, car keys, and a firearm. During the following month, he robbed or attempted to rob victims at various retail establishments and a woman in her car. He also stole one car with the keys he had earlier taken from his parents' home and stole another car at gunpoint. His strike was a 1993 conviction for residential burglary.
At the sentencing hearing, the court expressed its opinion that in the interests of justice to Casper and to society, a sentence should be imposed to give Casper the opportunity to be released from prison before he died. However, the court concluded that section 667, subdivisions (c)(6) and (c)(7) required it to impose consecutive terms on current convictions for crimes occurring on different occasions and not arising out of the same set of operative facts, which resulted in a prison term of 104 years 8 months.

DISCUSSION
The trial court in its discretion may dismiss a strike allegation. (People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 529-530, 53 Cal.Rptr.2d 789, 917 P.2d 628.) To dismiss the strike allegation the court must consider whether, considering the nature and circumstances of his or her present criminal activity and prior strikes, the defendant may be deemed outside the spirit of the "Three Strikes" law's sentencing scheme, and therefore should be treated as though he or she had not committed one or more of the serious or violent felonies alleged as strikes. (People v. Williams (1998) 17 Cal.4th 148, 162-163, 69 Cal.Rptr.2d 917, 948 P.2d 429.)
At the sentencing hearing the trial court, as authorized by People v. Garcia (1999) 20 Cal.4th 490, 85 Cal.Rptr.2d 280, 976 P.2d 831, in which the Supreme Court held that the trial court has discretion to dismiss strike allegations on fewer than all of the current convictions, dismissed the strike allegation on all but one of the current convictions. It then determined that because one strike allegation found true remained in effect on one current conviction, it was required to impose consecutive terms for all current convictions for crimes occurring on different occasions and not arising out of the same set of operative facts even though it had dismissed the strike allegations on those convictions.
In People v. Garcia, supra, 20 Cal.4th 490, 85 Cal.Rptr.2d 280, 976 P.2d 831, the defendant was convicted of two counts of residential burglary that did not occur on *371 the same occasion and did not arise out of the same set of operative facts. (§ 667, subd. (c)(6).) Five strikes alleged in each burglary count were found true. At sentencing the trial court dismissed all strike allegations in one burglary count, leaving intact the true finding of two or more strike allegations in the other burglary count. The trial court sentenced the defendant to a prison term of 30 years to life on the burglary count in which the true finding of strike allegations remained extant: 25 years to life under section 667, subdivision (e)(2)(A)(ii) plus five years under section 667, subdivision (a)(1). The trial court sentenced the defendant to a consecutive prison term of 16 months on the burglary count in which the strike allegation had been dismissed (one-third the midterm of four years). Garcia held that the trial court was authorized by section 1385 to dismiss strike allegations in one count and not in another. Garcia further held that the length of the sentence on the count in which the strike allegation was dismissed was the term prescribed for that count without reference to the Three Strikes law rather than the enhanced sentence prescribed by section 667, subdivision (e) of the Three Strikes law. Garcia did not, however, determine whether under these circumstances the sentence for the conviction on which the strike allegations were dismissed must be imposed consecutively to the sentence on the conviction on which the strike allegations remained extant, or whether the sentence for the conviction on which the strike allegations were dismissed should be full term or one-third the middle term. In Garcia, the sentence of one-third the middle term was imposed consecutively and the issue of the correctness of imposition of the consecutive sentences was not raised by the defendant. With regard to the sentence of onethird the middle term on the current conviction on which the strike allegations were dismissed, the Garcia court stated: "After we filed our opinion, the question arose whether this calculation was legally correct. We express no opinion on this point but merely recite what the trial court actually did and decide the sole issue on which we granted review." (Garcia, 20 Cal.4th at p. 495, fn. 2, 85 Cal.Rptr.2d 280, 976 P.2d 831.) These issues appear not to have been resolved in any reported appellate decision.
Unless some provision of law provides otherwise, the trial court has discretion to impose concurrent or consecutive sentences for current convictions. (Pen. Code, § 669; People v. Bradford (1976) 17 Cal.3d 8, 20, 130 Cal.Rptr. 129, 549 P.2d 1225.) The People contend that section 667, subdivisions (c)(6) and (c)(7) require the trial court to impose consecutive sentences in this case because Casper has multiple current convictions for crimes occurring on different occasions and not arising out of the same set of operative facts, and a strike allegation found true on one conviction. The People also contend that statements in Garcia compel the conclusion that, under the Three Strikes law, consecutive sentences for current convictions for crimes occurring on different occasions and not arising from the same set of operative facts are mandatory so long as a strike allegation found true remains on one conviction.
Section 667, subdivision (c)(6) provides:
"If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e)."
Section 667, subdivision (c)(7) provides:
"If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law."
Superficially, section 667, subdivisions (c)(6) and (c)(7) appear to support the *372 People's position. However, that position assumes sentencing is conducted as prescribed by section 667, subdivision (e) under the Three Strikes sentencing scheme. If sentence is not imposed under the Three Strikes sentencing scheme, the predicate of the People's position is absent.
In Garcia, the Supreme Court's decision that trial courts have discretion under section 1385 to dismiss strike allegations in some counts but not others was based in part on People v. Burke (1956) 47 Cal.2d 45, 301 P.2d 241, which approved trial court dismissal of a prior conviction sentence enhancing allegation that would have increased the defendant's sentence for the current conviction. The Garcia court, referring to Burke, stated:
"[I]n a Three Strikes case, as in other cases, when a court has struck a prior conviction allegation, it has not Svipetd] out' that conviction as though the defendant had never suffered it; rather, the conviction remains a part of the defendant's personal history, and a court may consider it when sentencing the defendant for other convictions, including others in the same proceeding. With respect to the latter point, we can discern no reason for applying Burke differently simply because two convictions are part of a single proceeding rather than two different proceedings. Such a distinction finds no support in logic, the language of section 1385, or any decision interpreting that section." (Garcia, supra, 20 Cal.4th at p. 499, 85 Cal.Rptr.2d 280, 976 P.2d 831.)
Based on Burke, Garcia not only authorized the trial court to dismiss strike allegations in one or more counts but also to impose a length of sentence on the current conviction on which the strike allegation is dismissed without regard to the true finding on the strike allegation remaining on another current conviction. The rationale of Garcia is that under Burke, this result would obtain in two separate proceedings and there is no logical reason the result should be different because the multiple convictions are in the same proceeding. The result of Garcia is that the length of the sentence on a conviction on which a strike allegation is dismissed need not be imposed under section 667, subdivision (e)[2] but rather may be imposed under the penalty provisions applicable to the crime without regard to the Three Strikes law. This conclusion appears an inevitable consequence of authorizing the trial court to dismiss a strike allegation on some but not all of the current multiple convictions on which a strike allegation is found true; if dismissing the strike allegation on a conviction does not remove that conviction from the Three Strikes sentencing scheme, there would be no purpose in dismissing the strike allegation.
Because Garcia removed the length of sentence for a conviction on which the strike allegation has been dismissed from the Three Strikes sentencing scheme, we conclude that it also removed mandatory consecutive sentencing from that scheme. Garcia stated that a conviction on which the strike allegation is dismissed could be sentenced as though the conviction occurred in a separate proceeding. In a separate proceeding, the mandatory consecutive sentencing required by section 667, subdivisions (c)(6) and (c)(7) is inapplicable. Because there is no sentencing under section 667, subdivision (e) [length of sentence], there is likewise no mandatory consecutive sentencing under section 667, subdivisions (c)(6) and (c)(7); those provisions are applicable to sentences imposed under section 667, subdivision (e).
In Garcia, the People recognized that if a strike allegation is dismissed on a conviction, *373 the mandatory Three Strikes consecutive sentence for that conviction would not be applicable, and used that point to argue against permitting the strike allegation to be dismissed on some but not all convictions. (Garcia, supra, 20 Cal.4th at p. 500, 85 Cal.Rptr.2d 280, 976 P.2d 831.) The Garcia court responded to this argument in nondefinitive fashion. The court stated:
"The Attorney General, however, points to the requirement in the Three Strikes law that sentencing on distinct current offenses be consecutive (§§ 667, subd. (c)(6)-(8), 1170.12, subd. (a)(6)-(8)) and without any aggregate term limitation (§§ 667, subd. (c)(1), 1170.12, subd. (a)(1)). The Attorney General argues that striking prior conviction allegations with respect to one count, but not with respect to another, undermines this principle of consecutive Three Strikes sentences. Again, we disagree. A requirement that a defendant serve the individual sentences for different current felonies consecutively does not indicate how the trial court should determine the lengths of those individual sentences. Here, for example, the trial court conformed to the consecutive sentencing requirement by ordering that the 16-month sentence for the Gantt burglary be served consecutively to the 30-year-to-life sentence for the Kobel burglary. Therefore, we see nothing in the trial court's action that is inconsistent with the consecutive sentencing requirement in the Three Strikes law. Rather, the court expressly applied that requirement." (Garcia, supra, 20 Cal.4th at p. 500, 85 Cal.Rptr.2d 280, 976 P.2d 831.)
The court's response to the People's argument could be interpreted to mean that although the length of sentence may be determined outside the Three Strikes sentencing scheme, the consecutive sentence requirement is not. However, this interpretation identifies the comment as dictum because the trial court in Garcia imposed consecutive sentences, which were not challenged on appeal. We interpret the court's comment to mean that although a strike allegation is dismissed on the conviction, the trial court may nevertheless impose a consecutive sentence for that conviction: it is not prohibited from doing so. The issue of mandatory consecutive sentences was not raised by the defendant and was not before the Supreme Court except in response to the People's argument; Garcia stated only that it was not error to impose a consecutive sentence; it neither stated nor held that a consecutive sentence was required.
We are satisfied that under Garcia, the trial court has the discretion in an appropriate case to dismiss strike allegations on one or more convictions, and that by so doing, the sentence for that conviction is outside of and not controlled by the Three Strikes mandatory sentencing provisions of section 667, subdivisions (c)(6) and (c)(7).
Here, the court dismissed the strikes in 34 counts, and reduced Casper's sentence on each of those counts from double onethird the middle term to one-third the middle term. Therefore, under the authority of Garcia, the trial court properly did not impose sentence under section 667, subdivision (e) for the convictions on which all strike allegations were dismissed. We conclude that the trial court also had the authority to impose concurrent sentences for those convictions.
Under Garcia, section 667, subdivisions (c)(6) and (c)(7) apply only when the court sentences the defendant pursuant to section 677, subdivision (e), the Three Strikes length of sentence provision. Subdivision (e) applies when the defendant is sentenced for a current conviction on which there is a true finding of one or more strike allegations that have been pled and proved. (In re Cervera (2001) 24 Cal.4th 1073, 1075, 103 Cal.Rptr.2d 762, 16 P.3d 176.) Under Garcia, the trial court has discretion to consider convictions on which *374 all strikes have been dismissed as convictions in a different proceeding, in which event section 667, subdivision (e) by its terms does not apply because there has been no extant prior strike allegation pled and proved on that conviction. If a defendant is not sentenced under section 667, subdivision (e), section 667, subdivisions (c)(6) and (c)(7) do not apply and the court in its discretion may under section 669 impose concurrent or consecutive terms.
Here, the court believed keeping Casper in prison until he was in his 70's but not longer served the interests of justice. We remand because the court appeared not to recognize that it was not required to impose consecutive terms on convictions on which it had dismissed the strike allegations. Here, the court could have imposed some concurrent and some consecutive terms and sentenced Casper for a term it felt just and fair both to Casper and to society.[3]

DISPOSITION
The convictions are affirmed. The sentence is reversed and the matter is remanded for resentencing.
WE CONCUR: KREMER, P.J., and HUFFMAN, J.
NOTES
[1] All statutory references are to the Penal Code unless otherwise specified.
[2] Section 667, subdivision (e) requires increased sentences of twice the term otherwise provided if the defendant has one strike and an indeterminate life sentence with a minimum term if the defendant has two or more strikes.
[3] The People filed a petition for rehearing in this case, asserting inter alia that we did not consider the contrary result reached in the recent case of People v. Johnson (2003) 105 Cal.App.4th 515, 129 Cal.Rptr.2d 500 (incorrectly cited in the Petition for Rehearing as 105 Cal.App. 515.) Johnson was filed on January 17, 2003, and was not final at the time of our opinion. Furthermore, the discussion in Johnson of consecutive sentences is dicta. Johnson held that under People v. Scott (1994) 9 Cal.4th 331, 36 Cal.Rptr.2d 627, 885 P.2d 1040, because the issue of consecutive sentences was not raised in the trial court it could not be raised on appeal. Johnson's subsequent discussion of consecutive sentencing was unnecessary to its decision. Finally, the discussion of consecutive sentencing in Johnson did not include any analysis of the effect of People v. Garcia (1999) 20 Cal.4th 490, 85 Cal.Rptr.2d 280, 976 P.2d 831, on which our opinion is based.