Filed 9/14/20  P. v. Solorio CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ADRIAN SOLORIO,<br><br>　　Defendant and Appellant. | G058712<br><br>(Super. Ct. No. 06CF1702)<br><br>O P I N I O N |

　　　　　Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

　　　　　John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　No appearance for Plaintiff and Respondent.

　　　　　　　　　　*　　　　*　　　　*

In 2009, a jury convicted appellant Adrian Solorio of committing first degree murder and street terrorism when he was 22 years old. (Penal Code, §§ 187, 186.22, subd. (a); all further undesignated statutory references are to the Penal Code.) The jury also found Solorio committed the murder to benefit a criminal street gang, as an active gang participant, and that he personally discharged a firearm causing death. (§§ 186.22, subd. (b), 190.2, subd. (a)(22), and 12022.53, subd. (d).) The trial court sentenced Solorio to life in prison without the possibility of parole for the murder and an additional 25-years-to-life term for the firearm finding. We affirmed the judgment in 2011. (*People v. Solorio* (Jan. 28, 2011, G042192) [nonpub. opn.].)

In 2019, Solorio petitioned for resentencing on the firearm finding and for a hearing related to youth offender parole eligibility. The trial court denied Solorio's petitions and he appealed the court's "[d]enial of PC 12022.53." His appointed appellate counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 and Solorio has not filed a supplemental brief. Because our review of the record discloses no arguable issue, we affirm the postjudgment order denying Solorio's petition for resentencing.

I

FACTS AND PROCEDURAL HISTORY

The facts underlying this case were discussed in our earlier opinion affirming Solorio's convictions. In 2005, then 22-year-old Solorio fatally shot a rival gang member during an argument at a party. As noted, the jury convicted Solorio of first degree murder and street terrorism. It also found true criminal street gang and firearm allegations. In 2011, we affirmed the judgment imposing a sentence of life in prison without the possibility of parole and an additional term of 25 years to life. (*People v. Solorio* (Jan. 28, 2011, G042192) [nonpub. opn.].) The same year, the California

2

Supreme Court denied Solorio's petition for review. (*Id.*, review den., May 11, 2011, S191078.)

In 2013, Senate Bill No. 260 (Sen. Bill No. 260) was passed to create a parole consideration scheme for certain youth offenders with qualifying sentences. (See *People v. Franklin* (2016) 63 Cal.4th 261, 285-286 (*Franklin*).) In 2016, the California Supreme Court in *Franklin* analyzed the scheme in a case where a 16 year old who fatally shot another teenager challenged the constitutionality of "his 50-year-to-life sentence." (*Id.* at p. 268.) *Franklin* remanded the case to the trial court to further develop a factual record for the defendant's future Sen. Bill No. 260 "youth offender parole hearing." (*Id.* at p. 284.)

In 2017, Senate Bill No. 620 (Sen. Bill No. 620) became law, effective 2018, amending sections dealing with firearm sentencing enhancements. Relevant here, it granted trial courts discretion to strike section 12022.53's enhancements. (§ 12022.53, subd. (h), as amended by Stats. 2017, ch. 682, § 2.)

In 2019, Solorio petitioned the trial court for a hearing under *Franklin* and to strike his firearm sentence enhancement under Sen. Bill No. 620. As noted, the court denied the petition.

II

DISCUSSION

Following the *Wende* guidelines, we have reviewed counsel's brief and the entire appellate record. Per *Anders*, *supra*, 386 U.S. 738, counsel's brief suggests two potential legal questions to assist the court in its review: (1) "Does Sen. Bill. [No.] 620 . . . apply to a case that was final prior to [its] enactment . . . ?"; and (2) is Solorio "entitled to a youth offender parole hearing" or "a *Franklin* hearing to make a record of youth-related mitigating factors?"

3

It is clear Solorio is not entitled to any benefit under Sen. Bill No. 620's amendment of section 12022.53 because it went into effect well after the judgment against him became final. (*People v. Vieira* (2005) 35 Cal.4th 264, 305 ["a defendant generally is entitled to benefit from amendments that become effective while his case is on appeal"].) "'[R]etroactive application of an amendment'" becomes unavailable when direct appeal relief is no longer available, generally marked by the expiration of "'time for petitioning for a writ of certiorari in the United States Supreme Court.'" (*Id.* at p. 306, quoting *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5.) As noted, the California Supreme Court denied Solorio's petition for review of our opinion affirming his judgment in May 2011. (*People v. Solorio* (Jan. 28, 2011, G042192) [nonpub. opn.], review den., May 11, 2011, S191078.) Accordingly, the judgment in this case became final the same year (U.S. Supreme Ct. Rules, rule 13(1)), seven years before Sen. Bill No. 620 became effective.

Appellate counsel's second legal question—about potential entitlement to a youth offender parole hearing—is not properly before this court, based on Solorio's notice of appeal. (*People v. Dyer* (1969) 269 Cal.App.2d 209, 212 [scope of appeal is defined by underlying notice of appeal].) Furthermore, we note the question would not raise an arguable issue in any event because a provision in Sen. Bill No. 260's statutory scheme specifically excludes Solorio's type of sentence from youth offender parole eligibility. That is, a sentence of life without the possibility of parole where the defendant was over 18 years old when the crime was committed is explicitly ineligible for youth offender parole release under section 3051, subdivision (h).

In sum, our review of the entire record, including the potential issues identified by counsel, does not show the existence of an arguable issue. (*Wende*, *supra*, 25 Cal.3d at pp. 442-443.) Consequently, we affirm. (*Id*. at p. 443.)

4

## III

### DISPOSITION

The postjudgment order denying Solorio's petition for resentencing under section 12022.53 is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.