Filed 7/21/25  P. v. Cupelli CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>         v.<br><br>RYAN HEATH CUPELLI,<br><br>    Defendant and Appellant. | F088772<br><br>(Super. Ct. No. SF015290A)<br><br>**OPINION** |

## THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

Ryan Heath Cupelli, in propria persona; and Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Franson, Acting P. J., Meehan, J. and Fain, J.†

†       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**INTRODUCTION**

Ryan Heath Cupelli, appellant, appeals from the denial of a petition for resentencing pursuant to Penal Code[1] section 1172.6.[2]  On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Appellant filed a letter in lieu of a supplemental brief raising several issues.  Appellant argued there was a failure to do a sufficient investigation of his underlying conviction, that the witnesses in his trial were inconsistent or untruthful, and that his attorney during the section 1172.6 proceeding failed to consider a codefendant's statement or to call the codefendant as a witness.  We affirm the trial court's order denying the petition for resentencing.

**STATEMENT OF FACTS[3]**

Appellant and codefendant Gilbert Luke Newsom were convicted of second degree murder, and codefendant Jacob Willard Lee was convicted of voluntary manslaughter for the death of Jerry Crook, a fellow inmate at Wasco State Prison.  A witness standing about 10 feet away who saw the attack described appellant and Newsom hitting and kicking Crook.  Crook rolled into a ball and tried to get between the bunk beds, and "kept asking what he had done, saying he did not know his attackers."  Appellant then used the bunk beds to lift himself up before slamming both feet down on Crook's head.  Crook's head hit the concrete floor, and he stopped calling out, while appellant jumped on Crook's head and body over five more times, until Crook stopped moving.  In the meantime, Newsom continued to kick and hit Crook, including in the head.  Another witness, who saw the attack from about eight to 10 bunks away, stated

---

[1]     Undesignated references to code are to the Penal Code.

[2]     Formerly section 1170.95.

[3]     The facts are derived from the prior appeal in this case, *People v. Newsom* (Dec. 14, 2016, F071004) [nonpub.opn.] (*Newsom*).

appellant and Lee attacked Crook for about 10 seconds, while Newsom continued kicking and stomping on him.[4]

Blood swabs from appellant's clothing indicated the presence of both appellant's and Crook's DNA. "After the attack, Crook slipped into a coma and remained in a vegetative state for a little over two months [before passing]. The pathologist who performed the autopsy opined that the cause of death stemmed from complications following blunt force trauma to the head." (*Newsom, supra,* F071004.)

## PROCEDURAL HISTORY

On May 5, 2014, appellant was convicted by jury of second degree murder in violation of section 187, subdivision (a). The jury had been instructed on the natural and probable consequences theory of liability.[5] On February 6, 2015, appellant was sentenced to 30 years to life plus one year for a prison prior enhancement pursuant to section 667.5, subdivision (b). The conviction was affirmed on appeal. (*Newsom, supra,* F071004.)

On November 14, 2023, appellant filed a petition for resentencing pursuant to section 1172.6. On March 1, 2024, the trial court found a prima facie case had been

---

[4] Two witnesses, both inmates, testified at trial about the details of the attack. Their testimony conflicted regarding whether appellant or Newsom delivered the blunt force trauma to Crook's head. However, both witnesses testified that appellant participated in the attack.

[5] The instruction given read, "One who aids and abets another in the commission of a crime is not only guilty of that crime but is also guilty of any other crime committed by a principal which is a natural and probable consequence of the crime originally aided and abetted. In order to find the defendant guilty of the crime of murder under this theory, as charged in [c]ount one, you must be satisfied beyond a reasonable doubt that: [¶] 1. The crime of battery was committed; [¶] 2. That the defendant aided and abetted that crime; [¶] 3. That a co-principal in that crime committed the crime of murder; and [¶] 4. The crime of murder was a natural and probable consequence of the commission of the crime of battery."

made and issued an order to show cause.[6]  On August 7, 2024, the People filed an opposition, arguing appellant was either the actual killer, and if not the actual killer, aided and abetted the actual killer with intent to kill or was a major participant in the underlying felony and acted with reckless indifference to human life.  The People requested the court take judicial notice of the prior appeal, and any court files, records or transcripts in the prior superior court case.

On August 23, 2024, the trial court held an order to show cause hearing, where both the People and appellant submitted without presenting additional evidence.  Appellant appeared remotely and had the following exchange with the court:

> "THE COURT:  So, [appellant], do you understand that I'm taking the matter under submission, meaning it's going to take me some weeks now to review everything and decide what the proper ruling should be and then we're going to mail that to the attorneys and [defense counsel] will provide you with your copy of that ruling.  [¶]  Do you understand, [appellant]?
>
> "[APPELLANT]:  Yes, sir.
>
> "THE COURT:  Do you agree to this procedure?
>
> "[APPELLANT]:  Yes.
>
> "THE COURT:  Very good.  If nothing further, counsel, I'm going to recess now.  [¶]  Anything further?
>
> "[THE PEOPLE]:  No, your Honor.  Thank you.
>
> "[DEFENSE COUNSEL]:  No.  Nothing further, your Honor.
>
> "THE COURT:  Thank you.  [Appellant], we're going to sign off now.  Thank you.  Recess.  Thank you all.
>
> "[APPELLANT]:  Thank you."

---

**6**　　Appellant had also filed a resentencing petition pursuant to section 1172.75, to strike his one-year prison prior enhancements, which was stayed until the conclusion of his section 1172.6 proceedings.

On October 8, 2024, the trial court issued a written ruling denying the petition for resentencing. The court found, beyond a reasonable doubt, appellant could still be convicted of murder even after the changes to sections 188 or 189 made effective January 1, 2019, and was therefore not eligible for relief under section 1172.6.

Specifically, the trial court ruled, "[t]here is no other reasonable conclusion from the evidence, but to conclude that [appellant] acted with malice. The malice of [appellant] can be implied because the killing was the result of the intentional act by [appellant] of 'body slamming' the [v]ictim, the natural consequences of which was dangerous to human life. [Appellant] deliberately stomped on the [v]ictim's body and head. Any person of reasonable and ordinary prudence would have expected that such hitting, kicking, and stomping upon the [v]ictim, who was weak and frail[,] could result in the [v]ictim's death." The court further ruled appellant was, alternatively, a major participant in the battery who acted with reckless indifference to human life.

Because the petition was denied, no resentencing was necessary. Appellant filed a timely notice of appeal on October 11, 2024.

## DISCUSSION

"[T]he constitutional right to assistance of counsel entitles an indigent defendant to independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal. California's procedure for securing this right requires counsel to file a brief summarizing the proceedings and the facts with citations to the record, and requires the appellate court to review the entire record to determine whether there is any arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.)

"[A]n arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to

the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

In the context of a section 1172.6 proceeding, " '[t]here is no unconditional state or federal constitutional right to counsel to pursue collateral relief from a judgement of conviction.' " (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227.) "[T]here is no federal constitutional right to counsel under subdivision (c) of section 1172.6, and the right to counsel at that point in the proceedings is purely statutory." (*Ibid.*) "Courts below have uniformly agreed that *Wende* procedures are not constitutionally required on an appeal from a denial of a postconviction petition under section 1172.6." (*Ibid.*)

On an appeal from the denial of a section 1172.6 petition, the Supreme Court has prescribed the following framework. "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.) Nonetheless, "the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Ibid.*)

Because appellant filed a letter in lieu of a supplemental brief, we evaluate his specific arguments. Appellant argued there was an insufficient investigation conducted during the original trial, and the witnesses in his trial were inconsistent or untruthful. Appellant's challenge to events which occurred during the original trial is untimely and

not properly before this court.  The scope of an appeal is defined by the underlying notice of appeal.  (*People v. Dyer* (1969) 269 Cal.App.2d 209, 212.)  In this matter, appellant appeals from the denial of his section 1172.6 petition for resentencing, and this appeal is therefore limited to rulings, orders, instructions, or things done which relate to that proceeding only.  (§ 1259.)

Appellant then argues that his attorney was ineffective for failing to call appellant's codefendant to testify at the evidentiary hearing and his attorney failed to consider the codefendant's notarized affidavit that appellant was not actually culpable in the assault.  A review of the record does not reveal any mention of the codefendant's statement, either by appellant or his attorney.  "[I]t is settled that matters not presented to the trial court and hence not a proper part of the record on appeal will not be considered by an appellate court."  (*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 711, overruled on other grounds in *People v. Green* (1980) 27 Cal.3d 1, 28–34.)

This court additionally exercises its discretion to conduct an independent review of the record on appeal and is satisfied no arguable issues exist.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The October 8, 2024 order denying appellant's petition for resentencing pursuant to section 1172.6 is affirmed.

7.